IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PROVIDENT BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2953 |
| | § | |
| MELANIE S. STEELE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a breach-of-contract case in which the plaintiff, Provident Bank, seeks damages from the defendant, Melanie Steele, for her default on the promissory note ("Note") she signed to buy a small luxury boat. Provident Bank repossessed, sold the boat for $16,213, then sued for the deficiency, costs, and fees. Provident Bank has moved for summary judgment that it is entitled to recover $130,843—the outstanding Note balance and the costs to repossess and tow the boat—and attorneys' fees. Ms. Steele has responded, opposing the motion on the ground that Provident Bank's disposition of the boat, in particular the over $55,000 Provident Bank claims it spent on repossession and towing, was not "commercially reasonable." (Docket Entry No. 17).

Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, Provident Bank's motion for summary judgment and fees is denied for the reasons explained below. A status conference is set for **April 21, 2014 at 4:30 p.m**.

**I.   Background**

The relevant facts are largely undisputed. In January 2008, Ms. Steele borrowed $148,884 from First Commercial Corporation of America to buy a 35-foot boat. Ms. Steele executed a

Promissory Note in the loan amount and a security agreement stating that First Commercial could repossess the boat if Ms. Steele defaulted on the loan. The security agreement also stated that Ms. Steele agreed to pay the "reasonable costs of repossession, costs of holding the Collateral, costs of sale and reasonable attorney's fees and costs." (Docket Entry No. 1, Ex. A at ¶ 15(4)). First Commercial later assigned its rights under the security agreement and Note to Provident Bank. (*Id.*, Ex. B).

In May 2012, Ms. Steele defaulted on the Note when she failed to make the required monthly installment payment. She made no further payments. This left an outstanding principal balance of $119,837. (*Id.*, Ex. C). With interest and late charges, the outstanding balance was $142,941. (*Id.*). Provident Bank repossessed the boat and sold it at a private sale for $16,213.85. Provident Bank sent Ms. Steele a statement showing that after the sale, she owed Provident Bank over $130,000, consisting of $68,837 in principal, $6,507 in interest, $20,584 in towing costs, and $34,786 in repossession costs.[1] (*Id.*, Ex. D at ¶¶ 10–11). Ms. Steele did not then dispute these amounts and did not make any payments to Provident Bank.

On October 3, 2013, Provident Bank sued Ms. Steele in federal court on the basis of diversity jurisdiction. The complaint asserted a single cause of action, breach of contract, and sought a total of $148,884, made up of the unpaid principal balance, interest, towing and repossession costs, and other fees. Provident Bank alleged that "First Commercial[] performed its obligations under the Agreement by furnishing all funds necessary" and that "Provident Bank is otherwise compliant with the terms and conditions of the Agreement." (Docket Entry No. 1 at ¶ 23). In her answer, Ms.

---

[1] It is unclear from the current record how the $16,213 sale of the boat reduced the principal balance on the loan from $119,837 to $68,837.

Steele admitted that First Commercial had furnished the funds to buy the boat and that "as far as [she] knows, Provident Bank has not breached the [a]greement." (Docket Entry No. 14 at ¶ 23).

On March 12, 2014, Provident Bank moved for summary judgment, claiming that there was no dispute of material fact that Ms. Steele had defaulted on the loan and was required to pay the outstanding balance plus the costs of disposing of the boat. (Docket Entry No. 15). Ms. Steele responded, claiming that it was commercially unreasonable for Provident Bank to spend $20,584 for towing and $34,786 for repossession, given that it sold the boat for only $16,213. (Docket Entry No. 17). She alternatively argued that if the towing and repossession costs were reasonable, the sales price "was either much too low to be deemed reasonable, or constitute[d] error by the bank . . . if not [an] outright misrepresentation." (Docket Entry No. 17 at 2). Provident Bank replied by arguing that Ms. Steele waived her right to challenge the commercial reasonableness of the sale and costs by not raising the issue in her answer. (Docket Entry No. 18 at 4–5).

The arguments and responses are discussed below.

## II.     The Legal Standard for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party

moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

When the parties cross-move for summary judgment, the court must review "each motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 110 (5th Cir. 2010) (internal quotation marks and alteration omitted). Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." FED. R.

CIV. P. 56(e)(2).

### III.     Analysis

"Article 9 of the Texas Uniform Commercial Code provides that when a debtor defaults on an obligation, a secured party may take possession of collateral, dispose of it, and apply the proceeds to help satisfy the obligation." *Foley v. Capital One Bank, N.A.*, 383 S.W.3d 644, 647 (Tex. App.—Houston [14th Dist.) 2012, no pet.) (citing TEX. BUS. & COM. CODE §§ 9.609, 9.610, 9.615)). "If the proceeds are insufficient to satisfy the obligation, and the secured party wishes to obtain a deficiency judgment for the amount still owing on the obligation, '[e]very aspect of [the] disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable.' *Id.* (brackets in the original) (citing TEX. BUS & COM. CODE § 9.610).

Texas follows the common-law rule that a creditor in a consumer transaction "seeking a deficiency judgment has the burden of pleading that disposition of the collateral was commercially reasonable." *Id.* (citing *Greathouse v. Charter Nat'l Bank–Sw.*, 851 S.W.2d 173, 177 (Tex. 1992); *see also Friedman v. Atl. Funding Corp.*, 936 S.W.2d 38, 40 (Tex. App.—San Antonio 1996, no. writ) ("Today it is well-settled that the creditor carries the burden . . . ."). A creditor may meet this requirement by pleading facts "specifically" showing that the disposition was reasonable, or by pleading generally that "all conditions precedent have been performed or have occurred." *Greathouse*, 851 S.W.3d at 177. "If the debtor responds to a general pleading with a specific denial, the burden shifts back to the creditor to prove reasonableness at trial." *Foley*, S.W.3d at 647.

The parties do not dispute that the common-law rule in *Greathouse* applies. Provident Bank met its initial burden by pleading that "First Commercial[] performed its obligations under the Agreement by furnishing all funds necessary" and that "Provident Bank is otherwise compliant with

5

the terms and conditions of the Agreement." (Docket Entry No. 1 at ¶ 23). Ms. Steele's answer to Provident Bank's complaint did not dispute commercial reasonableness. It was not until she responded to Provident Bank's summary-judgment motion that she disputed the reasonableness of the sale price and disposition costs. In her response, Ms. Steele argues that it was not commercially reasonable for Provident Bank to spend over $50,000 in costs—over $20,000 for towing and $30,000 for repossession—to sell her boat for only $16,000. She contends that Provident Bank is using these fees to increase its recovery beyond what she would have owed had the bank never sold the boat.

Ms. Steele raised a colorable claim that spending over $50,000 to repossess and tow the boat so that it could be sold for $16,000 was commercially unreasonable. If it was commercially reasonable to spend that much to facilitate the sale, then Ms. Steele has a colorable claim that the boat was sold for an unreasonably low price, particularly in light of the initial purchase price of at least $148,884.[2]

Provident Bank argues that Ms. Steele waived her right to object to the commercial reasonableness of the sale and related expenses by not raising the issue in her answer. (Docket Entry No. 18 at 4–5). Federal Rule of Civil Procedure 8(c) requires that affirmative defenses be included in the initial responsive pleading. FED. R. CIV. P. 8(c). A party that fails to follow Rule 8(c) may waive any omitted affirmative offense. 5 CHARLES ALAN WRIGHT & ARTHUR P. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1278. But "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply

---

[2] The purchase price may have been higher than $148,884, which represents the loan amount and does not include a down payment.

precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983). A defense is not waived if raised at a "pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008) (brackets added; internal quotation marks omitted).

Permitting Ms. Steele to dispute commercial reasonableness does not unfairly prejudice Provident Bank. This case is in the very early stages. There has been little to no discovery. The bank will have ample opportunity to respond to the issue.

Ms. Steele is granted leave to amend her answer to dispute the commercial reasonableness of Provident Bank's disposition of the boat. Provident Bank's summary-judgment motion is denied, but without prejudice to reurge the same ground for summary judgment if appropriate after reasonable discovery on the issue.

**IV.   Conclusion**

Provident Bank's motion for summary judgment, (Docket Entry No. 15), is denied on the basis of the current record. A status conference is set for **April 21, 2014, at 4:30 p.m.** in Courtroom 11–B.

SIGNED on April 8, 2014, at Houston, Texas.

                                                     Lee H. Rosenthal
                                                     United States District Judge

precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983). A defense is not waived if raised at a "pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008) (brackets added; internal quotation marks omitted).

Permitting Ms. Steele to dispute commercial reasonableness does not unfairly prejudice Provident Bank. This case is in the very early stages. There has been little to no discovery. The bank will have ample opportunity to respond to the issue.

Ms. Steele is granted leave to amend her answer to dispute the commercial reasonableness of Provident Bank's disposition of the boat. Provident Bank's summary-judgment motion is denied, but without prejudice to reurge the same ground for summary judgment if appropriate after reasonable discovery on the issue.

**IV.   Conclusion**

Provident Bank's motion for summary judgment, (Docket Entry No. 15), is denied on the basis of the current record. A status conference is set for **April 21, 2014, at 4:30 p.m.** in Courtroom 11–B.

SIGNED on April 8, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge